## Miller Estate

*Norman E. Clark* and *Barron P. McCune,* for accountant.

*David B. Campbell,* for estate of Bessie C. Miller.

*Sweet, Rogers & Hughes,* for claimants.

ANDERSON, P. J., January 17, 1951.—Thomas Jefferson Miller died, testate, on October 18, 1914. By his will, which is probated in Will Book 28 at page 15, records of this county, he provided, inter alia, for an annuity of $125 per month for his widow; of $25 per month for his sister; for four annual payments of $500 each to his son for educational purposes; for a legacy of $500 to Olga Hanna; for legacies of $500 each to four members of McAlister family; for a legacy of $1,000 to First U. P. Church of McDonald, Pa., and gave the residue to his son.

His estate consisted principally of working interests in gas and oil production. All of his funds after payment of administration expenses and then payable legacies, were to be placed in hands of the Union Trust Company of Pittsburgh as trustee to manage and pay out under terms of the will.

At audit of the first account at February term, 1916, no. 75, A. A., the entire balance of $18,151.76 was awarded to trustee. No awards to beneficiaries were made at such audit.

A second accounting was filed and audited at February term, 1917, no. 90. At the audit of this account the auditor appointed by the court found that assets of the estate were insufficient to pay various bequests and, in fact, were not sufficient to pay an annuity of $125 per month to decedent's widow, and held that such annuity, and the annuity of $25 per month to his sister, were demonstrative legacies and entitled to payment in full from all of the assets of the estate, without abatement, before any payment was made on account of any other bequests.

His findings were approved by the court and no appeal was taken. Besides such account, and including the account now before the court for audit, three other accounts were filed. From a review of them we find that Florence Miller, sister of decedent, has been paid

in full, and she died in 1928. Also, that Thomas G. Miller, son of decedent, was paid $2,000, as provided in the ninth paragraph, subsec. (a) of the will, and that Bessie Miller, widow, had been paid up to and including the accounting at May term, 1932, no. 55, A. A., her annuity in full to July 18, 1931, and that decree of distribution in such accounting awarded for future accounting a principal balance of $6,009.34, and income balance of $4,959.95.

In accounting now before the court, a final distribution is in order. The widow died on October 16, 1949.

This account shows that she was paid her monthly allowance of $125 in full to October 18, 1935, and, in addition, the sum of $2,562.59 of accrued income. Present balance for distribution is principal of $5,298.77, and income of $66.96 ,or a total of $5,365.73.

Three classes of claimants made claim to share in this fund.

Olga Hanna, now Weisberg, and the surviving and representatives of deceased McAlister beneficiaries, claim they are entitled to receive payment of their legacies in full, with interest, or, at least, to abate pro rata with other claimants. As we understand, their basis for such claim is that the auditor was in error in finding such annuities as entirely demonstrative legacies. They claim it was demonstrative only as to Buffalo leases and to entire income, and just a general legacy if entitled to share at all, in other principal assets.

As we view the auditor's report he definitely found that there were not then sufficient total assets of estate income and principal to provide for allowances to widow and sister of decedent and that all of principal and future income were assets for their payment and there were no funds for payment of general legacies since such annuities were entitled to payment in full before general legacies received any award.

That finding confirmed and unappealed from we hold to be binding on this court. The only possibility of escape from its effect, as we view it, was that annuitants would die at an early date and require less than the entire estate to satisfy their demands. But facts are contrary. There was due widow at time of her death, as we calculate it, the sum of $13,562.41, with assets of only $5,365.73, with which to pay it. The only item suggested to us from which we could find that accountants had possibly paid out in error is the payment to the son of $2,000. Such award was not found by auditor to be a demonstrative legacy and, as we interpret the will, was not to be paid until his mother and his aunt had been paid in full. But, in any event, the account in which that amount was distributed was confirmed in 1932 and no exception taken, and may not be remedied now.

The son has made claim to share in this distribution as residuary legatee, and as executor of his deceased mother's estate. It is only in such latter capacity that he is entitled to an award.

Therefore, the court finds as matters of fact:

1. That Florence Miller, sister of decedent, died in 1928 and has been paid her annuity in full.

2. That Bessie C. Miller, decedent's widow, died October 16, 1949, and there was due then to her on account of her annuity of $125 per month, the sum of $13,562.41.

3. That letters testamentary were issued on her estate to her son, Thomas Graff Miller, and he is now serving in that capacity.

And, as matters of law:

1. That the findings of the auditor at February term, 1917, A. A., no. 90, having been approved by the court, and no appeal having been taken therefrom, are binding on this court.

2. As corollary to such finding and to findings of fact, the estate of Bessie C. Miller is entitled to an award of the entire balance for distribution after payment of costs.

It is, therefore, ordered and decreed that a schedule and decree of distribution be prepared and filed in accord with such findings.